1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TOMMIE LEE ALLEN,                          No.  2:13-cv-1366-EFB

12                     Plaintiff,

13           v.                                   ORDER

14    CAROLYN W. COLVIN, Acting
      Commissioner of Social Security,

15
                       Defendant.
16

17           Plaintiff brought this action seeking review of a final decision of the Commissioner of

18    Social Security ("Commissioner") denying his application for Supplemental Security Income

19    ("SSI") under Title XVI of the Social Security Act.[1]  Defendant has moved to dismiss the

20    complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and (b)(1), arguing that the

21    instant action is untimely.  ECF No. 11.  Plaintiff opposes the motion.  ECF No. 15.  For the

22    following reasons, defendant's motion is denied.

23    I.     Background

24           On May 10, 2010, plaintiff filed an application for SSI, claiming that he had been disabled

25    since April 30, 2010.  Declaration of Robert Weigel, Ex. 1 (ECF No. 11-2 at 8).  On August 10,

26

27    _____

28           [1]  This action is before the undersigned pursuant to the parties' consent.  ECF Nos. 7, 9;
      *see* 28 U.S.C. § 636(c).

                                                    1

2011, an Administrative Law Judge ("ALJ") issued a decision finding that plaintiff was not entitled to benefits under Title XVI of the Act. *Id*. at 8-17. Plaintiff requested the Appeals Council review the ALJ's decision, and on May 3, 2013, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id*. at 22-27. Plaintiff subsequently filed the instant action on July 9, 2013. ECF No. 1. Defendant now moves to dismiss the case on the ground that it is untimely. ECF No. 11. Further, defendant asserts that the failure to timely file the action is jurisdictional.

II.     Legal Standards

     A.  Rule 12(b)(1) Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking. "When subject matter jurisdiction is challenged under Federal Rules of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. For a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

     B.      Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

2

1   *Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  "The pleading must contain something more . . .

2   than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

3   action."  *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–

4   236 (3d ed.2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

5   'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)

6   (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

7   factual content that allows the court to draw the reasonable inference that the defendant is liable

8   for the misconduct alleged."  *Id.*  Dismissal is appropriate based either on the lack of cognizable

9   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

10  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

11          In considering a motion to dismiss, the court must accept as true the allegations of the

12  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

13  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

14  the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 42, *reh'g denied*, 396 U.S. 869 (1969).

15  III.     Discussion

16          Defendant argues that the complaint was filed outside the sixty day time for seeking

17  judicial review, which is a limitation on the waiver of sovereign immunity to seek judicial review

18  of final decisions of the Commissioner.  ECF No. 11 at 2-3.  As a sovereign, the United States is

19  immune from suit except according to its consent to be sued.  *Lehman v. Nakshian*, 453 U.S. 156,

20  160 (1981).  Congress has authorizes federal judicial review of "any final decision of the

21  Commissioner of Social Security made after a hearing on which [the claimant] was a party."  42

22  U.S.C. § 405(g).  To seek judicial review of a final decision of the Commissioner, a plaintiff must

23  commence a civil action in federal court "within sixty days after the mailing to him of notice of

24  such decision or within such further time as the Commissioner of Social Security may allow."  *Id.*

25  The term "mailing" is construed as the date the claimant receives the notice.  *Vernon v. Heckler*,

26  811 F.2d 1274, 1277 (9th Cir. 1987).  A claimant is presumed to have received notice "5 days

27  after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R.

28  § 422.210(c).

3

The 60-day statute of limitations set forth in section 405(g) is a condition of sovereign immunity and therefore must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). "Accordingly, courts have dismissed actions filed only days after the expiration of this statute of limitations." *Edmond v. Colvin*, 2014 WL 4964309, at * 3 (C.D. Cal. Aug. 29, 2014) (citing *Tate v. United States*, 437 F.2d 88 (9th Cir. 1971); *Davila v. Barnhart*, 225 F. Supp. 2d 337 (S.D.N.Y. 2002); *O'Neill v. Heckler*, 579 F. Supp. 979 (E.D. Pa. 1984)).

The record before the court adequately demonstrates that the instant action was filed within the 60-day limitation period and is therefore timely. The notice of the Appeals Council's determination was dated May 3, 2013, ECF No. 11-2 at 22-27, but was postmarked on May 6, 2013. During the 60-day limitation period plaintiff was homeless and did not receive a copy of the Appeals Council's determination. Declaration of Tommie Allen (ECF No. 15-3) ¶¶ 1, 2. However, plaintiff's counsel received a copy of the notice. Pursuant to the firm's customary practice, the notice was date-stamped upon receipt. Declaration of Stephanie Torney (ECF No. 15-2) ¶ 4. The date-stamp reflects that the notice was received by counsel on May 13, 2013. Allen Decl. Ex. 2. A print out from the firm's calendaring system also reflects that the notice was received by counsel on May 13, 2013. *Id*. at Ex. 1.

Several courts have held that the date of receipt by counsel is controlling when determining the date on which the limitation period commenced. *See Roverts v. Shalala*, 848 F. Supp. 1008, 1013-1015 (M.D. Ga. 1994) ("In those cases in which a representative has been designated by a claimant according to the regulations, this court would begin the sixty day period for filing an appeal from the date of notification of the *representative*, whether it be presumed date of notification or the actual date established by reasonable evidence."); *Bartolomie v. Heckler*, 597 F. Supp. 1113, 1116 (N.D.N.Y. 1984) (finding that notice of the Appeals Council's determination must be sent to the claimant's attorney in order to start the running of the limitation period); *Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983); *see also* 20 C.F.R. § 416.1515(b) ("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you."); *but see Flores v. Sullivan*, 945 F.2d 109, (5th Cir. 1991) (using claimant's rather than representative's date of receipt in determining commencement of limitation period); and

4

1    *Leetch v. Sullivan*, 1991 WL 259261 (D. Wyo. 1991) (finding that notice is received when it is

2    delivered to either the individual or to his attorney and the time for commencing a civil action

3    begins to run from the earlier of these two dates).

4           In this case, plaintiff was homeless during the relevant time period and did not receive a

5    copy of the notice.  His attorney, however, received notice on May 13, 2013.  There is "nothing in

6    the record to suggest that . . . plaintiff would have received notice prior to counsel."  *Pettway v.*

7    *Barnhart*, 223 F. Supp. 2d 1354, 1362-63 (S.D. Ala. 2002).  Under these circumstances, the court

8    finds that plaintiff has adequately demonstrated that the notice of the Appeals Council's

9    determination was not received until May 13, 2013, thereby rebutting the presumption that

10   plaintiff had notice five days after the date provided on the notice.  As plaintiff did not receive

11   notice until May 13, 2013, he had until July 12, 2013 to commence this action.  Plaintiff

12   complaint was filed on July 9, 2013, and therefore this action is timely.

13   IV.    Conclusion

14          Based on the foregoing, it is hereby ordered that:

15          1.  Defendant's motion to dismiss, ECF No. 11, is denied.

16          2.  Within 60 days of this order, defendant shall file the administrative record and an

17   answer.

18          3.  All other dates set forth in the court's scheduling order, ECF No. 5, shall be modified

19   accordingly.

20   DATED:  June 23, 2015.

21                                               EDMUND F. BRENNAN
22                                               UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

5